OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, Mark J. Bandish, appeals from a judgment entry of divorce by the Geauga County Court of Common Pleas, concerning the award of spousal support. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant and appellee, Julie A. Bandish, were married on September 26, 1993. Two children were born as issue of the marriage. On February 14, 2002, appellant filed a complaint for divorce with the Geauga County Court of Common Pleas, stating incompatibility as the basis for divorce.
 {¶ 3} This matter proceeded to a trial before a magistrate on November 15, 2002. Following trial, the magistrate issued a decision granting appellee spousal support in the amount of $500 per month for a period of thirty-six months. The award of spousal support was based upon specific factual findings in accordance with R.C. 3105.18(C)(1).
 {¶ 4} Appellee filed timely objections to the magistrate's decision. Specifically, appellee challenged the amount of spousal support allocated by the magistrate. Appellee argued that in calculating the amount of spousal support the magistrate made inconsistent factual findings with respect to appellant's salary and appellee being voluntarily underemployed. Furthermore, appellee argued that the magistrate failed to consider taxes and her monthly expenses. In support of her objections, appellee cited to exhibits H and I, which were admitted during trial. Exhibit H displayed appellee's estimated monthly expenses. Exhibit I showed appellee's COBRA costs for medical and dental coverage for the year 2002.
 {¶ 5} Appellant countered by filing a response in opposition to appellee's objections that included his own separate objection to the magistrate's award of child support. With respect to spousal support, appellant maintained that the magistrate did not commit an abuse of discretion in allocating spousal support at $500 per month. Regarding child support, appellant argued that the magistrate erred by failing to recognize and list the amount awarded to appellee for child support as her income.
 {¶ 6} On November 21, 2002, the trial court issued a judgment entry granting the parties a divorce based upon their incompatibility. The trial court also reviewed the parties' objections. After adopting the magistrate's factual findings, the trial court made the legal conclusion that the magistrate's allocation of spousal support was inappropriate. Specifically, the trial court concluded that the magistrate failed to account for the tax implications of the award of spousal support on both parties. Furthermore, the court considered the following: (1) exhibits H and I; (2) testimony relating to the parties' expenses; and (3) evidence relating to appellant's ability to pay spousal support. Based upon its review, the trial court determined that the magistrate's award of spousal support was inappropriate and increased the amount of spousal support from $500 to $750 per month.
 {¶ 7} In addition, the court determined that the magistrate had failed to properly apply appellee's award of child support as part of her annual income. As a result, the trial court reduced the magistrate's child support award from $624.94 to $601.77.
 {¶ 8} From this judgment, appellant filed a timely notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 9} "The court erred in establishing spousal support at the rate of $750.00 per month."
 {¶ 10} Under his sole assignment of error, appellant notes that the court, in its judgment entry, adopted the magistrate's factual findings. Appellant argues that, despite this adoption of facts, the trial court, without further explanation, increased the allocation of spousal support to $750 per month. In support of his argument, appellant cites to this court's previous decision of Gallo v. Gallo, 11th Dist. No. 2000-L-208, 2002-Ohio-2815, in which we held that the trial court erred by failing to explain a legal or factual basis for increasing the amount of spousal support originally allocated by a magistrate.
 {¶ 11} We first note that the trial court had the authority to adopt the factual findings of the magistrate, but arrive at a different legal conclusion. This court has previously held, "`the trial judge always has the authority to determine if the referee's findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the referee's findings of fact.'" (Emphasis sic.) Wade v. Wade (1996),113 Ohio App.3d 414, 419, quoting Hearn v. Broadwater (1995)105 Ohio App.3d 586.
 {¶ 12} Accordingly, in the case at bar, the trial court properly adopted the factual findings of the magistrate. From these adopted factual findings the court arrived at a different legal conclusion with respect to the amount of spousal support awarded by the magistrate.
 {¶ 13} The decision to adopt, reject or modify a magistrate's decision will not be reversed on appeal unless the decision was an abuse of discretion. Wade at 419. Abuse of discretion suggests more than just a mere error of law or judgment on the part of the trial court; rather it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} That being said, it is well-established that, pursuant to R.C.3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. To determine whether spousal support is appropriate and reasonable, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 15} "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant."Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 WL 522481, at 3.
 {¶ 16} In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that the trial court is required to provide us with the relevant facts and reasons for awarding spousal support, to wit:
 {¶ 17} "In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review.Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.)
 {¶ 18} A trial court does not satisfy this requirement by simply stating that it considered the requisite factors, rather, "`[i]t is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. * * * This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *'" (Citations omitted.) Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 WL 158106, at 4. See, also, Stafinsky at 784.
 {¶ 19} After careful examination of the trial court's judgment entry, it is clear that the court adequately stated its reasons for increasing the magistrate's allocation of spousal support. First, the court's judgment entry discussed appellee's objection regarding the magistrate's failure to consider the tax implications of the spousal support award. Although neither party presented evidence of the tax consequences, the court took judicial notice of IRS Code Section 71 which provides that any spousal support paid by appellant to appellee shall be deducted from appellant's tax statement and included by appellee.
 {¶ 20} The court also noted that R.C. 3105.18(C)(1) did not require the party seeking spousal support to demonstrate that the award is necessary. However, the court recognized that "the needs of the party requesting the support and the ability of the other party to pay the support are issues still considered by this Court."
 {¶ 21} Ultimately, based upon the above legal reasoning, the trial court stated, "[t]he Court has reviewed Defendant's Exhibits H and I and the parties [sic] testimony relative to their monthly expenses and Plaintiff's ability to pay and determines that the spousal support award indicated in the Magistrate's Decision is inappropriate." In reaching this conclusion, the trial court clearly provided an illumination of the facts and reasoning underlying the judgment, sufficient enough in detail to provide an adequate appellate review.
 {¶ 22} The instant case is distinguishable from Gallo. In Gallo, the trial court gave no explanation whatsoever for its increase of spousal support. Id. at ¶ 41. Here, as the foregoing has demonstrated, the trial court provided sufficient facts and reasoning to support its modification of spousal support.
 {¶ 23} Further, a careful examination of the record before us reveals that the trial court's legal conclusion was supported by the magistrate's findings of fact. In short, the magistrate's decision provided adequate factual findings in relation to the factors of R.C. 3104.18(C)(1). This allowed the trial court to properly review the magistrate's award of spousal support and arrive at a different legal conclusion. Thus, appellant's assignment of error is without merit.
 {¶ 24} Based upon the foregoing, the trial court did not abuse its discretion by increasing spousal support as it provided sufficient factual and legal reasoning to support its determination. We hereby affirm the judgment of the trial court.
Judgment affirmed.
O'Neill, J., Grendell, J., concur.