JOURNAL ENTRY OPINION
{¶ 1} In this appeal, plaintiff-appellant Birte Klint Norris ("Ms. Norris") claims that the trial court erred in adopting the magistrate's decision that modified defendant-appellee Steve Norris' ("Mr. Norris") monthly spousal support obligation, awarded only a portion of attorney fees and incorrectly determined the support arrearage. For the reasons set forth below, we affirm in part; reverse in part and remand
 {¶ 2} On January 11, 1999, the parties were divorced. The judgment entry of divorce provided that Mr. Norris was to pay Ms. Norris $6,000 per month as spousal support.
 {¶ 3} On November 29, 1999, Mr. Norris was fired from his job.
 {¶ 4} On January 3, 2000, Mr. Norris filed a motion to modify support.
 {¶ 5} On July 24, 2000, the parties entered into an agreed judgment entry, which provided that spousal support would remain at $6,000 per month.
 {¶ 6} On January 16, 2002, Mr. Norris filed another motion to modify support claiming that his income had substantially declined.
 {¶ 7} On May 9, 2002, Mr. Norris filed a motion for sanctions and attorney fees for Ms. Norris' failure to comply with discovery requests.
 {¶ 8} On June 7, 2002, Ms. Norris filed a motion to show cause and for attorney fees for Mr. Norris' failure to pay court-ordered support.
 {¶ 9} On September 10, 2002, Mr. Norris filed a second motion for sanctions and attorney fees for Ms. Norris' failure to comply with discovery requests.
 {¶ 10} Hearings on these motions were held on May 31, 2002, February 14, 2003, and February 28, 2003 before a magistrate. Both parties testified. Mr. Norris testified that at the time of the divorce he was earning approximately $470,000 as the general manager of Sunnyside Honda. He testified that several months after the divorce, he was unexpectedly fired from his job and unable to secure a similar paying job within the automotive field. He testified that he was able to continue paying his court-ordered support payments pursuant to a property settlement he received with Sunnyside Honda. Mr. Norris testified that he filed his motion to modify support on January 16, 2002 because the Sunnyside payments had ceased and he was currently only earning $83,829.98 at his new job with UCC Total Home Marketing. UCC Total Home Marketing is owned by his current wife.
 {¶ 11} Plaintiff testified that defendant had recently purchased a new home in Florida with a purchase price of $728,590.50. She also testified that she has health problems related to her diabetes and that her lifestyle has diminished because of Mr. Norris' failure to abide by the support order. She testified that she has monthly expenses of approximately $11,000 but is downsizing and trying to reduce her expenses.
 {¶ 12} On March 26, 2003, the magistrate issued her decision and granted Mr. Norris' motion to modify support. Specifically, the magistrate found that there was a change in circumstances to necessitate a modification of the spousal support from $6,000 per month to $4,500 per month, effective January 16, 2002.[1]
The magistrate also determined that Mr. Norris was $4,134.11 in arrears of his combined child and spousal support obligation but did not find him in contempt. Finally, the magistrate awarded Ms. Norris $3,000 in attorney fees and granted Mr. Norris' motion for sanctions and attorney fees in the amount of $477.00 for Ms. Norris' failure to comply with discovery requests.
 {¶ 13} On July 11, 2003, Ms. Norris filed objections to the magistrate's decision. On September 2, 2003, the trial court overruled the objections and adopted the magistrate's decision.
 {¶ 14} Ms. Norris raises four assignments of error in her brief before us.
 {¶ 15} "I. The trial court erred in finding that there was jurisdiction to modify the spousal support order."
 {¶ 16} In her first assignment of error, Ms. Norris argues that the trial court did not retain jurisdiction to modify the award of spousal support since the July 14, 2000 judgment entry did not contain a reservation of jurisdiction permitting the court to modify the order. We disagree.
 {¶ 17} In the magistrate's decision issued on March 25, 2003, the magistrate determined that the court retained jurisdiction to modify the spousal support order because the July 14, 2000 agreed entry did not change the obligations in the divorce decree and Mr. Norris merely agreed to continue paying according to those terms. We agree.
 {¶ 18} R.C. 3105.18(E) provides that awards of spousal support in a divorce decree cannot be modified unless the court determines that the circumstances of either party have changedand the decree or separation agreement specifically authorizes the court to modify the alimony or spousal support. See, also,Bowen v. Bowen (1999), 132 Ohio App.3d 616; Merkle v. Merkle
(1996), 115 Ohio App.3d 748, 752.
 {¶ 19} Here, the January 11, 1999 judgment entry of divorce specifically provided the trial court with jurisdiction to modify spousal support. The agreed judgment entry subsequently entered into by the parties on July 14, 2000, which modified the child support obligation, was not a modification of the spousal support award since it provided that spousal support would remain the same. Accordingly, the July 14, 2000 agreed judgment entry did not modify the court's reservation of jurisdiction to modify spousal support as stated in the original divorce decree. Moreover, the agreed judgment entry specifically provided that "Any and all prior orders not expressly modified herein shall remain in full force and effect."[2] Accordingly, the original provision of the divorce decree which retained jurisdiction remained in effect and the trial court correctly retained jurisdiction over the issue of spousal support.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} "II. The trial court erred from a substantive standpoint in modifying spousal support."
 {¶ 22} In the second assignment of error, Ms. Norris argues that the trial court erred in finding a change in circumstances upon which to base the modification of spousal support. We disagree.
 {¶ 23} In domestic relations matters, a trial court is vested with broad discretion in the award of spousal support. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. We will not disturb the trial court's decision regarding the modification of spousal support on appeal unless the trial court abused that discretion. Id. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 24} The burden of establishing the need for a modification of spousal support rests with the party seeking the modification.Tremaine v. Tremaine (1996), 111 Ohio App.3d 703. In order to obtain a modification, that party must demonstrate a substantial change in circumstances that was not contemplated at the time of the original order. Id. A change of circumstances includes, but is not limited to any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses. R.C. 3105.18(F). The change of circumstances must not have been brought about by the party seeking the modification.Roach v. Roach (1989), 61 Ohio App.3d 315, 319.
 {¶ 25} Here, Ms. Norris argues that Mr. Norris is voluntarily underemployed. We disagree. The record demonstrates that Mr. Norris offered credible testimony that he was not voluntarily underemployed or living a life of excess. Mr. Norris was unexpectedly and involuntarily fired from his job at Sunnyside Honda. He testified that he was unable to find employment in the same field, which would have allowed him to earn a similar salary. He testified that he accepted a job in Florida for UCC Total Home Marketing with the expectation that he would earn between $100,000 to $200,000 annually, but that his actual wages were only $68,672 in 2001 and $83,829 in 2002. If the present lowering of income is only temporary and Mr. Norris eventually begins to earn monies equivalent to his original earning capacity, or to his expected salary, then Ms. Norris can file a motion to modify for an increase in support based on Mr. Norris' recovered good fortune. See Burma v. Burma (Oct. 7, 1999), Cuyahoga App. No. 74601.
 {¶ 26} Mr. Norris also testified that the down payment for his new home, with a purchase price of $728,590.50, was almost entirely paid for by his new wife's assets, the source of which was the sale of several car dealerships she owned prior to marrying Mr. Norris. An obligor's second spouse's income or assets is not to be considered when determining the obligor's ability to pay spousal support. Carnahan v. Carnahan (1997),118 Ohio App.3d 393, 401. Accordingly, the trial court did not err when it failed to include Mr. Norris' spouse's income for the purpose of determining spousal support.
 {¶ 27} Finally, Ms. Norris has not shown that her lifestyle has dramatically decreased since the divorce. Although "need" of a party should be considered by the trial court as a factor in determining whether a spouse is entitled to spousal support, Ms. Norris failed to provide any evidence to the trial court to support her allegations. Indeed, sanctions in the form of attorney fees were imposed against Ms. Norris because she failed to respond to Mr. Norris' discovery requests.
 {¶ 28} After reviewing the record, we conclude that the trial court's decision to modify Mr. Norris' spousal support payment from $6,000 per month to $4,500 per month is equitable and not an abuse of discretion. Mr. Norris makes approximately $90,000 annually and, at the current obligation of $6,000 per month, would be paying $72,000 each year to support Ms. Norris, who presently is not earning any other income. Accordingly, we do not find that the trial court abused its discretion in determining that a substantial change of circumstances occurred and in deriving its modified award.
 {¶ 29} The second assignment of error is overruled.
 {¶ 30} "III. The trial court erred in determining that the child support and spousal support arrearages were only $4,134.11."
 {¶ 31} In the third assignment of error, Ms. Norris contends that the trial court erroneously calculated the arrearage due and owing on Mr. Norris' child and spousal support orders. We agree.
 {¶ 32} An order modifying a decree as to spousal support may be made retroactive to the date of the filing of the motion for modification. Merkle v. Merkle (1996), 115 Ohio App.3d 748,754. Here, Mr. Norris filed his motion to modify support on January 16, 2002. Accordingly, the magistrate correctly determined that, in addition to the previous arrearage of $45,000 agreed to by the parties, the amount of spousal support owed by Mr. Norris from August 1, 2000 through January 31, 2003 is $161,250.00[3] and the amount of child support owed by Mr. Norris from August 1, 2000 through August 19, 2002[4] is $23,833.75[5] for a total amount owed of $230,083.75.
 {¶ 33} However, the magistrate incorrectly determined the amounts actually paid to Ms. Norris. The judgment entry states that Ms. Norris was paid $35,000 from Mr. Norris immediately following the agreed judgment entry of July 14, 2000. The judgment entry further states that the amounts disbursed to Ms. Norris through C.S.E.A. since August 1, 2000 through November 18, 2002 were $190,949.64. However, our review of the C.S.E.A. records stipulated to by the parties shows that the amounts disbursed through C.S.E.A. through November 18, 2002 were $183,698.87.[6]
 {¶ 34} The court's valuation of the monies disbursed through C.S.E.A. is not supported by credible evidence. Because this factual finding is against the manifest weight of the evidence, we find that the trial court abused its discretion in the use of that finding for a calculation of the arrearages owed. Accordingly, this assignment of error is sustained and is remanded to the trial court to determine the proper amount of monies disbursed through C.S.E.A.
 {¶ 35} The third assignment of error is sustained.
 {¶ 36} "IV. The trial court erred in awarding only $3,000 toward appellant's attorney fees."
 {¶ 37} In the fourth assignment of error, Ms. Norris contends that the trial court should have required Mr. Norris to pay all reasonable attorney fees in connection with the defense of Mr. Norris' motion to modify support and her prosecution of the contempt motion. We disagree.
 {¶ 38} First, R.C. 3109.05(C) requires the trial court to impose reasonable attorney fees on a party who is found in contempt of court for failure to make court ordered support payments. Since Mr. Norris was not found in contempt, the trial court was not required to impose attorney fees on Mr. Norris for the prosecution of the contempt motion.
 {¶ 39} Next, a decision to award attorney fees is a matter within the sound discretion of the trial court. Rand v. Rand
(1985), 18 Ohio St.3d 356, 359. Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. Birath v. Birath (1988), 53 Ohio App.3d 31,39. In evaluating a motion for attorney fees in a post-divorce decree proceeding the trial court must consider both the supporting spouse's ability to pay and the supported spouse's need. Cohen v. Cohen (1983), 8 Ohio App.3d 109. A trial court does not per se abuse its discretion by awarding attorney fees in an amount less than what has been requested. Nori v. Nori
(1989), 58 Ohio App.3d 69; Kelley v. Kelley (Sept. 15, 1994), Cuyahoga App. No. 66137. Indeed, "it is recognized that domestic relations cases tend to consume a considerable amount of time and that counsel must generally realize that he cannot always expect full compensation for the time so consumed." Swanson v. Swanson
(1976), 48 Ohio App.2d 85.
 {¶ 40} Here, the trial court found that there was a substantial change in circumstances to justify a modification of spousal support and so Mr. Norris' ability to pay attorney fees was diminished. The trial court also found that it was unable to determine Ms. Norris' need since she had not complied with discovery requests. Accordingly, the trial court did not abuse its discretion in awarding only $3,000 in attorney fees when $8,840 was requested.
 {¶ 41} The fourth assignment of error is overruled.
 {¶ 42} Judgment affirmed in part; reversed in part and remanded.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Kilbane, J., Concur.
[1] Mr. Norris' motion to modify child support was also granted and his obligation was reduced from $1,250.00 per month to $275.88 per month.
[2] See Volume 3613, Page 0035.
[3] Spousal support from 8/1/00 through 1/15/02 was calculated at $6,000 per month and spousal support from 1/16/02 through 1/31/03 was calculated at $4,500 per month.
[4] Agreed date of emancipation of youngest child.
[5] Child support from 8/1/00 through 1/15/02 was calculated at $1,250 per month and child support from 1/16/02 through 8/19/02 was calculated at $275.88 per month.
[6] The record is unclear why the trial court used this date in its computation instead of the January 28, 2003 date suggested by Ms. Norris. Indeed, if the January 28, 2003 date is the proper date, then the trial court correctly determined the amounts disbursed by C.S.E.A. to be $190,949.64.