OPINION
{¶ 1} Defendant-appellant, Claudio Gallo, appeals the October 28, 2004 judgment of the Lake County Court of Common Pleas, Domestic Relations Division, sustaining plaintiff-appellee, Sheila Gallo's, objection to the magistrate's decision, and denying Claudio Gallo's motion for modification of spousal support. We affirm the decision of the lower court.
 {¶ 2} The parties were married on September 28, 1967. Three children, all now emancipated, were born as issue of the marriage. Claudio Gallo vacated the marital residence on November 1, 1997.
 {¶ 3} On November 10, 1997, Sheila Gallo filed a complaint for legal separation. On November 26, 1997, Claudio Gallo filed for divorce. Claudio Gallo has been employed for a number of years as a physician and surgeon. Sheila Gallo was primarily a homemaker and was employed only sporadically during the course of the 30 year marriage, earning approximately $4,000 from outside employment during that time.
 {¶ 4} On August 20, 1999, following two separate hearings on March 29, 1999, and April 14, 1999, the magistrate issued his decision. Regarding the issue of spousal support, after discussion of the factors set forth in R.C. 3105.18, the magistrate awarded spousal support to Sheila Gallo in the amount of $4,000 per month.
 {¶ 5} On November 24, 2000, the trial court issued its judgment entry of divorce, and increased the award of spousal support to $5,000 per month, to be paid to Sheila Gallo until her death or remarriage. Pursuant to the judgment entry of divorce, the trial court retained jurisdiction with respect to its spousal support order.
 {¶ 6} On December 18, 2000, less than a month after the final divorce decree, Claudio Gallo filed an "Emergency Motion to Modify Spousal Support" with an accompanying affidavit. In his affidavit, Claudio Gallo alleged a substantial change in circumstances, specifically, that his income from 1999 to 2000 had decreased by $40,000 per year, and attached an earnings statement from March 2000 to substantiate his claim.
 {¶ 7} On the same day, Claudio Gallo timely filed a notice of appeal of the trial court's judgment entry of divorce. Sheila Gallo filed a cross-appeal. Subsequent to the filing of the appeal, the trial court stayed hearing on Claudio Gallo's motion to modify spousal support. On May 31, 2002, this court affirmed the judgment of the Domestic Relations Court in part, but reversed the portion of the lower court's judgment awarding Sheila Gallo spousal support in the amount of $5,000, since the judgment entry contained "no explanation of the basis of [the] award" and remanded to the trial court ordering it "to set forth the reason why it increased the award by $1,000." Gallo v.Gallo, 11th Dist. No. 2000-L-208, 2002-Ohio-2815, at ¶ 41. This court also reversed and remanded on the basis of the trial court's error in failing to classify the appreciation on a condominium held as investment property as marital property, and ordering an equitable division thereof. As to the issue of spousal support, on August 19, 2002, the trial court complied with this court's order upon remand, addressed the factors contained in R.C. 3108.18, and awarded spousal support in the amount of $5,000.
 {¶ 8} On September 16, 2002, Claudio Gallo appealed the August 19, 2002 judgment of the trial court. On January 2, 2003, Claudio Gallo filed a "motion for immediate hearing" on his December 18, 2000 motion for modification of spousal support. On January 13, 2003, Sheila Gallo filed a motion in opposition to Claudio Gallo's motion for immediate hearing, and a request for stay of the hearing. On February 18, 2003, the appeal was dismissed by this court, via memorandum opinion, for lack of a final appealable order.
 {¶ 9} On April 8, 2003, an agreed magistrate's decision was entered resolving the remaining issue remanded on appeal from this court, thus making the August 19, 2002 judgment granting support in the amount of $5,000 per month a final appealable order. No appeal was filed at that time.
 {¶ 10} The issue of modification of the support order based upon Claudio Gallo's motion of December 18, 2000, eventually came before the magistrate for hearing on December 4, 2003, and continued over three separate hearing dates, concluding on January 22, 2004. The magistrate heard evidence and made findings related to the income and relative earning abilities of the parties, their ages, physical, mental, and emotional conditions, expected retirement benefits of the parties, and other applicable factors. On May 4, 2004, the magistrate issued a decision modifying Claudio Gallo's spousal support obligation to $4,500 per month. Sheila Gallo timely objected to the magistrate's decision.
 {¶ 11} On October 28, 2004, the trial court reviewed the hearing transcripts, the magistrate's findings of fact and conclusions of law and Sheila Gallo's objections, pursuant to Civ.R. 53(E)(4)(b). The trial court found Sheila Gallo's objections to be well taken, and held that Claudio Gallo did not show "a change in circumstances pursuant to O.R.C. 3105.18
warranting modification of Wife's spousal support order."
 {¶ 12} Claudio Gallo timely appealed, asserting a single assignment of error.
 {¶ 13} "The trial court erred in denying appellant's motion to modify spousal support."
 {¶ 14} Claudio Gallo argues that the trial court erred by failing to properly determine the factors under R.C. 3105.18 in denying his motion to modify spousal support. Essentially, what appellant alleges is that the trial court abused its discretion by declining to adopt the magistrate's recommendations. We disagree.
 {¶ 15} The decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal, absent a showing that the trial court abused its discretion. Bandish v.Bandish, 11th Dist. No. 2002-G-2489, 2004-Ohio-3544, at ¶ 13. An abuse of discretion is more than an error of law or judgment, but implies that the trial court's attitude in reaching a judgment was "unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 214, 219.
 {¶ 16} R.C. 3105.18(E) provides that a trial court may not modify an award of spousal support in a divorce decree, unless, the circumstances of either party have changed and the decree of divorce specifically contains a provision authorizing the court to modify the spousal support. Bowen v. Bowen (1999),132 Ohio App.3d 616, 6286-29; Wantz v. Wantz (Mar. 23, 2001), 11th Dist. No. 99-G-2258, 2001 Ohio App. LEXIS 1386, at *5; Kingsolver v.Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 11;Norris v. Norris, 8th Dist. No. 83547, 2004-Ohio-4072, at ¶ 18. A change in circumstances is defined, but is not limited to "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 {¶ 17} Once the court has determined that a change in circumstances has occurred, the court then must analyze "whether the existing spousal support order should be modified."Leighner v. Leighner (1986), 33 Ohio App.3d 215 (emphasis sic). Accordingly, the court re-examines the existing award in light of the changed circumstances. Id. The burden of showing that a reduction in spousal support is warranted is on the party seeking the reduction. Reveal v. Reveal, 154 Ohio App.3d 758,2003-Ohio-5335, at ¶ 14 (citation omitted).
 {¶ 18} A trial court enjoys broad discretion determining whether or not to modify an existing spousal support order.Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735; Schultzv. Schultz (1996), 110 Ohio App.3d 715, 724. In determining whether there was an abuse of discretion in the award of spousal support, a reviewing court must look at the "totality of the circumstances" in order to discern whether the trial court acted unreasonably, arbitrarily or unconscionably. Carnahan v.Carnahan (1997), 118 Ohio App.3d 393, 399, citing Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67. When applying an abuse of discretion standard, an appellate court is not free to merely substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 19} The court's discretion is guided by consideration of the factors set forth in R.C. 3105.18(C), in determining whether or not the existing award remains "appropriate and reasonable under the circumstances." DeChristefero v. DeChrisefero, 11th Dist. No. 2002-T-0021, 2003-Ohio-2234, at ¶ 15.
 {¶ 20} R.C. 3105.18(C)(1) provides the list of factors the court must consider in determining whether the spousal support award is appropriate and reasonable. These factors include: (1) the income of the parties from all sources; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' respective retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside of the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education in terms of time and money to the party seeking support (12) the tax consequences of an award of spousal support; (13) the lost income production capacity resulting from the parties' marital responsibilities; and (14) any other factor found relevant by the court. See Bandish, 2004-Ohio-3544, at ¶ 15. In determining whether the change in circumstances warrants a modification of spousal support, the court must set forth the basis of their decision in sufficient detail to allow for proper appellate review, however, the court need not reiterate those factors under R.C. 3105.18(C)(1) which remain unchanged from the time of the original award of support. Kucmanic v. Kucmanic (1997),119 Ohio App.3d 609, 613 (internal citation omitted).
 {¶ 21} In the case sub judice, the trial judge reviewed the record and made the following relevant findings of fact and conclusions of law:
 {¶ 22} With regard to the income and relative earning abilities of the parties, the court found that "Wife's employment situation is no different from the time of the divorce. In fact, it is clear that her post-divorce attempts to become employed in a specific area such as a doula for childbirth has [sic] been unsuccessful as a source of stable income. She has been employed in a few clerical and sales positions earning between $6.25-$7.00 per hour.
 {¶ 23} "At the time of the original award, Husband's annual income was $186,000 per year. In 2002, Husband's W-2's showed income of $194,230 as referenced on Joint Exhibit 8. Husband remains employed since the divorce as a general surgeon. He relocated to Ashtabula County as a result of his employment contract executed in November 2002. Plaintiff's Exhibit 1 shows[,] commencing December 1, 2004, Husband is paid a base salary of $165,000 per year. He is entitled to receive a productivity bonus equal to 100% of his net income for the year ending, if a positive number. For the first contract year, Husband did not receive a productivity bonus.
 {¶ 24} "Wife's earning abilities remain unchanged.
 {¶ 25} "Much testimony [from the Husband] during trial was directed to Husband's three (3) year contract review in 2005 with his employer and possible outcomes. Said testimony is disregarded in its entirety as speculative."
 {¶ 26} With respect to the parties' ages and physical and mental health, the trial court found that, "Wife, age 56, has a medical condition known as stenosis of the aortic valve of the heart. She requires a detailed checkup every six (6) months. However, she is to avoid moderate to heavy physical work * * *.
 {¶ 27} "Husband, age 64, had surgery in June 2003 for a stomach aneurysm. He returned to work in September, 2003. Previously [sic] to June 2003, he has had a heart attack and hypertension."
 {¶ 28} With respect to retirement benefits, the court found that "Wife has no benefits of her own nor is she likely to have any. Husband continues to participate in pension and profit sharing plans provided by his employer as a benefit of his employment. Wife has not been able to save for her retirement since the divorce."
 {¶ 29} Under relative assets and liabilities, the court found, in relevant part, that "In 2002, Husband sold a boat. As a result, he no longer incurs annual dockage fees, or insurance costs for the boat.
 {¶ 30} "Wife's COBRA coverage through Husband expires April 1, 2004. In January, her cost of COBRA coverage increased in excess of 10% per month from $250.00 to $283.00. [Upon expiration of the COBRA plan the record shows] Wife's least expensive option for coverage * * * had a monthly cost of $343.00 per month in 1998. [T]he plan's scope of coverage is for 80% of services. Wife presently has 100% of services covered.
 {¶ 31} "Her annual dental costs have been between $1,200.00 and $1,400.00, currently paid 50% by insurance. After April 1, 2004, she will have no dental coverage, requiring her to pay 100% of her dental needs * * *. Accordingly Wife's increased cost of maintaining medical coverage is a significant continuing liability to her upon the expiration of COBRA coverage."
 {¶ 32} Finally, when considering other factors, the trial court found, in relevant part, that "husband enjoys the financial benefits" of his present wife's contribution "to some household expenses."
 {¶ 33} Based upon the foregoing colloquy, we cannot say that the trial court abused its discretion by not ordering a modification of spousal support. The court found all other factors under R.C. 3105.18(C) either unchanged or not applicable. Although appellant demonstrated a reduction in income for some of the years for the period reviewed, the record reveals that this reduction was neither consistent nor permanent. In fact, the record showed an increase in income for one of the years under review.
 {¶ 34} Moreover, under the plain terms of R.C. 3105.18(C), income is but one relevant factor to be considered by the trial court in determining whether to modify an order of spousal support. Contrary to appellant's assertions, the income of his new spouse may properly be considered in cases where there is an allegation of change in circumstances. Carnahan,118 Ohio App.3d at 398 (citations omitted); see also McNutt v. McNutt,
2nd Dist. No. 20752, 2005-Ohio-3752, at ¶ 15 (while a spouse's income may not be considered to determine an obligor's ability to pay spousal support, any benefit derived from sharing living expenses with the new spouse may properly be considered under R.C. 3105.18(C)(1)(n)).
 {¶ 35} We likewise find no abuse of discretion in the trial court considering a pending change to appellee's medical and dental care coverage. "Totality of the circumstances" means just that. Under R.C. 3105.18(C), the court is required to consider all relevant evidence in determining whether the existing spousal support order remains appropriate and reasonable. Accordingly, the court must consider changed circumstances of both parties in the exercise its discretion. Unlike the situation involving appellant's three year employment review, appellee's loss of COBRA coverage on April 1, was not speculative, but a foregone conclusion. Thus, the trial court could properly consider evidence pertaining to the expected replacement cost of appellee's medical and dental coverage as relevant to the cost of appellee maintaining her standard of living.
 {¶ 36} Based upon the "totality of the circumstances" we cannot say that the trial court abused its discretion by electing not to modify its prior order of support. Appellant's sole assignment of error is without merit.
 {¶ 37} Accordingly, we affirm the judgment of the Lake County Court of Common Pleas, Domestic Relations Division.
Rice, J., O'Toole, J., concur.