OPINION
{¶ 1} Appellant, Jeffrey Buchal, appeals from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division denying his motion to modify spousal support and establish a termination date of his obligation. Upon review, we find the trial court did not abuse its discretion and therefore we affirm.
 {¶ 2} The parties to the instant appeal were divorced via final decree on September 15, 2000. As part of the final decree, appellant was ordered to pay appellee $1,000 per month in spousal support. The judgment entry did not establish a termination date of the support, but did reserve jurisdiction to modify the order.
 {¶ 3} On May 4, 2004, appellant filed a motion to modify spousal support based upon a change in his financial circumstances; appellant also moved the court to establish a termination date. On September 29, 2004, a hearing was held before the magistrate during which a host of exhibits detailing, inter al., the parties' relative financial positions. On November 2, 2004, the magistrate filed his decision and determined appellant's support obligation should be reduced to $800 per month. However, the magistrate declined to provide a date on which appellant's support obligation would be terminated.
 {¶ 4} Both parties filed objections to the magistrate's decision. On May 23, 2005, after considering all the evidence, the trial court rejected the magistrate's decision reducing the amount of spousal support but adopted the magistrate's decision refusing to establish a termination date. From this judgment entry, appellant now appeals and assigns two errors for our review:
 {¶ 5} "[1.] The trial court erred in determining that Mr. Buchal was not entitled to a modification of his spousal support obligation.
 {¶ 6} "[2.] The trial court erred in failing to set forth a date for termination of Mr. Buchal's spousal support obligation."
 {¶ 7} A trial court's decision to adopt, reject, or modify a magistrate's decision will not be reversed absent an abuse of discretion. Bandish v. Bandish, 11th Dist. No. 2002-G-2489,2004-Ohio-3544, at ¶ 13. An abuse of discretion is more than an error of law or judgment; it implies the court, in rendering its decision, harbored an unreasonable, arbitrary or unconscionable attitude. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} According to R.C. 3105.18(E), a trial court may not modify an award of spousal support in a divorce decree unless the circumstances of either party have changed and the decree of divorce specifically contains a jurisdictional reservation authorizing the modification. See, Wantz v. Wantz (Mar. 23, 2001), 11th Dist. No. 99-G-2258, 2001 Ohio App. LEXIS 1386, 5. A change in circumstances is defined as, but is not limited to "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 {¶ 9} Once a court has determined a change of circumstances exists, the moving party still bears the burden of demonstrating the current support award is no longer appropriate and reasonable. See, R.C. 3105.18(C); Reveal v. Reveal,154 Ohio App.3d 758, 2003-Ohio-5335, at ¶ 14. In deciding whether the movant has met his or her burden, the court "re-examines the existing award in light of the changed circumstances." Gallo v.Gallo, 11th Dist. No. 2004-L-193, 2006-Ohio-873, at ¶ 17.
 {¶ 10} Under his first assignment of error, appellant initially argues the trial court erred by requiring a "substantial" change in circumstances as a condition precedent to modifying the spousal support order.
 {¶ 11} In its judgment entry, the trial court utilized the following statement of law to guide its analysis:
 {¶ 12} "`a trial court may modify an award of spousal support if there has been a substantial change in the circumstances of one or both of the parties. The change in circumstances must not have been contemplated at the time of the existing award."DeChristefero v. DeChristefero, 11th Dist. No. 2002-T-0021, 2003-Ohio-2234, at ¶ 13.
 {¶ 13} As a result, the trial court rejected the magistrate's decision that there had been "a significant change in circumstances to warrant reduction of the spousal support herein pursuant to O.R.C. 3105.18(F)."
 {¶ 14} We first note that a finding of a "significant" or "substantial" change of circumstance is neither necessary nor sufficient to support a modification of a spousal award pursuant to R.C. 3105.18(E).[1] In this respect, appellant's argument has merit. However, an error of this dimension is only reversible if the record demonstrates the trial court abused its discretion in arriving at its conclusion. That is, if, after observing the proper legal requirements, the record demonstrates the trial court's decision was reasonable in light of the evidence, we have no choice but to affirm its decision.
 {¶ 15} That said, appellant maintains he put forth sufficient evidence of an involuntary decrease in his salary and therefore experienced a statutory change in circumstances pursuant to R.C.3105.18(F). We disagree.
 {¶ 16} Appellant testified that his income at the time of the divorce was greater than that at the time of the hearing because he was able to work regular overtime. After the divorce, however, he transferred departments at his place of employment. Appellant was led to believe his new position would afford him nearly "unlimited overtime." It did not and at the time of the hearing, his company ceased offering overtime to his department.
 {¶ 17} These circumstances notwithstanding, appellant also testified he had turned down overtime in a separate department "which [he did not] like working for." Accordingly, the evidence demonstrates appellant could have worked overtime but voluntarily declined the offers. As such, the court could reasonably infer appellant's income decrease was a result of his voluntary acts or omissions. Therefore, the trial court did not abuse its discretion when it found appellant failed to show a change of circumstances pursuant to R.C. 3105.18(F).
 {¶ 18} Next, appellant argues the trial court erred in failing to find he suffered a sufficient change in income to warrant a modification of his spousal support obligation. As indicated above, were appellant's decrease in income involuntary,any change would suffice to show a change in circumstances. Because the evidence demonstrated appellant voluntarily declined overtime which would have placed him in a better financial position, his change in income was insufficient to warrant a modification. Moreover, while appellant did experience a decrease in his income since the divorce, the evidence demonstrated appellee's household income was still only one-third that of appellant's. The court carefully considered appellant's change of income in light of all other evidence and determined the decrease in question was not sufficient to merit a change of circumstance such that the original support should be modified. We do not believe this decision was unreasonable. Appellant's argument is unavailing.
 {¶ 19} However, assuming appellant put forth sufficient evidence to demonstrate a change of circumstances, we believe he still failed to meet his burden of showing a modification would be reasonable and appropriate pursuant to the factors set forth under R.C. 3105.18(C)(1).[2]
 {¶ 20} To wit, after considering the factors set forth under R.C. 3105.18(C)(1), the court determined:
 {¶ 21} "The parties' marriage had a duration of almost 32 years. Herein, it was clearly contemplated at the time of the divorce that Wife's modest mortgage payment of $213.00 per month would end in a couple of years. Husband received the income producing assets in the divorce; Wife received the marital house and its equity. Further, even with Husband choosing to decline whatever `minimal' overtime he has been offered in the last few years, his W-2 income in 2002 and 2003 is more than three times that of Wife's. Thus, his retirement contributions to his plan are at a higher rate than Wife's.
 {¶ 22} "* * *
 {¶ 23} "Accordingly, the Court does not find that Husband has sustained his burden of proof for the modification of the spousal support The Court rejects the Magistrate's Decision filed November 2, 2004 and finds the Husbands objections are not well-taken and are denied."
 {¶ 24} We again underscore that a trial court enjoys considerable discretion in determining whether an existing spousal support order should be modified. Mottice v. Mottice
(1997), 118 Ohio App.3d 731, 735. Accordingly, where the trial court's judgment is reasonable and supported by the evidence, an appellate court is not free to substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Here, the trial court's judgment is supported by the evidence and is neither arbitrary nor unreasonable. Thus, appellant's first assignment of error is without merit.
 {¶ 25} Under his second assignment of error appellant contends the trial court erred in failing to set forth a termination date for his spousal support obligation.
 {¶ 26} In Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus, the Supreme Court of Ohio held "[e]xcept in cases involving a marriage of long duration * * * an award of sustenance alimony should provide for termination of the award." Moreover, this court has stated that "when a trial court is modifying a spousal support order, it should also consider whether a termination date of spousal support should be established." Griffith v. Griffith (June 17, 1994), 11th Dist. No. 93-G-1778, 1994 Ohio App. LEXIS 2664, at 12. However, "establishing a termination date for spousal support is not mandatory." Id.
 {¶ 27} Here, the trial court considered establishing a termination date pursuant to appellant's motion. However, the court declined to do so. In support of its decision, the trial court emphasized the lengthy duration of the marriage (thirty-two years). Moreover, the evidence demonstrated appellee was fifty-six at the time of the hearing and worked full-time for $8 an hour. Although some of appellee's income was directed at supporting the couple's thirty-four year old son, the court indicated appellee could spend her spousal support in any way she desired. The court ultimately held appellant's desire for certainty in his personal financial planning does not supersede the propriety of the support award.
 {¶ 28} Under the circumstances, the court was not required to set forth a termination date. The court decided not to do so and set forth its reasons for declining appellant's request in its judgment entry. Accordingly, we do not believe the trial court abused its discretion. Appellant's second assignment of error is without merit.
 {¶ 29} For the foregoing reasons, appellant's assignments of error are not well taken and the decision of the Lake County Court of Common Pleas, Domestic Relations Division, is therefore affirmed.
Ford, P.J., O'Toole, J., concur.
[1] In DeChristefero, this court held that the evidence put forth at the trial court demonstrated a "substantial" change in circumstances which, under those facts, justified modification of spousal support. However, other cases, including additional authority in this District, have held the change need not be substantial. See, Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 Ohio App. LEXIS 1443, 8-9; Wantz, supra;Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844;Tsai v. Tien, 162 Ohio App.3d 89, 2004-Ohio-3520, at ¶¶ 18-19.
[2] Appellant asserts the appropriate metric for evaluating a motion to modify spousal support is necessity. In this respect, appellant argues appellee would not need his spousal support if she was not supporting their thirty-four year old son who does not work and lives with appellee without contributing to household expenses. Appellant's statement of the law is inaccurate. While need is a factor to consider, the relevant question is whether the support order under consideration is appropriate and reasonable under the circumstances. See, R.C.3105.18(C); see, also, DeChristefero, supra, at ¶ 15.