OPINION
{¶ 1} In the instant appeal, submitted on the record and the briefs of the parties, appellant, James C. Anspach, appeals the judgment of the Geauga County Court of Common Pleas, denying his motion to modify spousal support. For the reasons that follow, we affirm the judgment of the lower court.
 {¶ 2} On September 26, 2002, the trial court granted a judgment decree of divorce. At the time of the divorce, the parties had been married 23 years. Two children, Lindsay and Laurel, were born as issue of the marriage. Laurel is an emancipated adult. Lindsay, though also of legal age at the time of the final decree, was found by the court to be "mentally disabled and unable of supporting herself", *Page 2 
pursuant to Castle v. Castle (1984), 15 Ohio St.3d 279, and thus, child support for Lindsay was to extend indefinitely beyond the statutory time period.
 {¶ 3} In addition, the decree provided that, due to the duration of the marriage, her age, and the fact that she suffered from multiple sclerosis, Penny was entitled to spousal support in the amount of $700 per month, subject to later modification by the court.
 {¶ 4} On February 7, 2005, James filed a motion to modify spousal and child support, which was heard before the magistrate on January 6, 2006. Following the hearing, the magistrate found that James was not entitled to a downward modification of spousal support, and that his child support obligation for Lindsay should be increased to $347.92 per month. James timely filed objections to the magistrate's decision, which were overruled by the trial court. The court adopted the magistrate's decision without modification on May 11, 2006. James timely appealed the lower court's judgment.
 {¶ 5} On appeal, this court affirmed the trial court's child support determination. However, with regard to spousal support, the Court of Appeals found that, while the trial court correctly found that James' income had increased by $8,780 since the divorce, the court had understated Penny's income for the same period, which had actually increased by $5,062. We reversed the court's award of spousal support, and remanded to the trial court "to redetermine the spousal support award after adjustment for the corrected income figure" had been made.Anspach v. Anspach, 11th Dist. No. 2006-G-2706, 2006-Ohio-6344, at ¶ 33.
 {¶ 6} On remand, the magistrate, after considering the corrected income figure for Penny, found that "there has been a change * * * of both parties' economic circumstances," but that such change "did not warrant modification or a reduction in Mr. *Page 3 
Anspach's spousal support obligation." Accordingly, the magistrate recommended that James' motion for modification of spousal support be denied.
 {¶ 7} James timely filed objections to the magistrate's decision. On January 31, 2007, the trial court overruled his objections and adopted the magistrate's decision in full.
 {¶ 8} James timely appealed the court's judgment, assigning the following as error for our review:
 {¶ 9} "The trial court erred in failing to grant appellant's motion to terminate or modify spousal support."
 {¶ 10} In his sole assignment of error, James raises two arguments. First, he argues that the trial court's judgment was against the manifest weight of the evidence. Second, he argues that the trial court erred in applying the incorrect standard, first by requiring a "substantial change in circumstances," and next, by failing to inquire as to whether his sustenance alimony payments to Penny were both "necessary" and "reasonable." In the interest of judicial economy, these arguments shall be addressed in a consolidated fashion.
 {¶ 11} A trial court enjoys broad discretion determining whether or not to modify an existing spousal support order. Mottice v. Mottice
(1997), 118 Ohio App.3d 731, 735; Schultz v. Schultz (1996),110 Ohio App.3d 715, 724. Abuse of discretion "connotes more than an error of law or judgment," rather "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} R.C. 3105.18 is the statutory provision governing the award and modification of spousal support pursuant to divorce and legal separation proceedings. R.C. 3105.18(E) provides that a court may not modify an award of spousal support in a *Page 4 
divorce decree, unless the circumstances of either party have changedand the decree of divorce specifically contains a provision reserving the court's jurisdiction to modify the award of spousal support.Bowen v. Bowen (1999), 132 Ohio App.3d 616, 628-629; Kingsolver v.Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 11; Norris v.Norris, 8th Dist. No. 83547, 2004-Ohio-4072, at ¶ 18. A change in circumstances is defined, but is not limited to "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F) (emphasis added). As this court has previously stated, "a finding of `significant' or `substantial' change of circumstance is neither necessary norsufficient to support a modification of a spousal [support] award pursuant to R.C. 3105.18(E)." Buchal v. Buchal, 11th Dist. No. 2005-L-095 2006-Ohio-3879, at ¶ 14 (emphasis added).
 {¶ 13} Thus, while James is correct in his assertion that a trial court is not required to find a substantial change in circumstances, this is not the end of the court's inquiry.
 {¶ 14} Once the court has determined that a change in circumstances has occurred, it then must analyze "whether the existing spousal support order should be modified." Leighner v. Leighner (1986),33 Ohio App.3d 214, 215 (emphasis sic). In other words, the court reexamines the existing award to determine if it is still appropriate and reasonable.Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 7 (citations omitted). The burden of showing that a reduction in spousal support is warranted is on the party seeking the reduction. Reveal v.Reveal, 154 Ohio App.3d 758, 2003-Ohio-5335, at ¶ 14 (citation omitted).
 {¶ 15} With regard to issues of spousal support, an appellate court will not find the lower court's judgment to be against the manifest weight of the evidence if there is *Page 5 
"some competent, credible evidence going to all the essential elements of the case." Doody v. Doody, 11th Dist. No. 2006-L-200, 2007-Ohio-2567, at ¶ 51 (citation omitted).
 {¶ 16} In determining whether or not the existing award remains "appropriate and reasonable under the circumstances," the court's discretion is not unlimited, but is to be guided by its consideration of the factors set forth in R.C. 3105.18(C). DeChristefero v.DeChristefero, 11th Dist. No. 2002-T-0021, 2003-Ohio-2234, at ¶ 15. Thus, as long as a change in circumstances of any type exists,and there is evidence that the trial court considered the applicable factors of R.C. 3105.18(C), no abuse of discretion will be found.
{¶ l7} R.C. 3105.18(C)(1) provides the list of factors the court must consider to determine whether the spousal support award remains appropriate and reasonable. These factors include: (1) the income of the parties from all sources; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' respective retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside of the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education in terms of time and money to the party seeking support; (12) the tax consequences of an award of spousal support; (13) the lost income production capacity resulting from the parties' marital responsibilities; and (14) any other factor found relevant by the court.Bandish v. Bandish, 11th Dist. No. 2002-G-2489, 2004-Ohio-3544, at ¶ 15 (citation omitted).
 {¶ 18} In determining whether the change in circumstances warrants a modification of spousal support, the court must set forth the basis of their decision in sufficient detail to allow for proper appellate review, however, the court need not reiterate those factors under R.C.3105.18(C)(1) which remain unchanged from the time *Page 6 
of the original award of support. Kucmanic v. Kucmanic (1997),119 Ohio App.3d 609, 613.
 {¶ 19} In its judgment entry denying the modification, the trial court stated that it had "considered the factors within R.C. § 3105.18(C), and based upon the evidence and testimony" found as follows:
 {¶ 20} "The parties have stipulated * * * their annual income for purposes of review of the spousal support order. Mr. Anspach's annual income was stipulated at $39,780.00 and Mrs. Anspach's annual income was stipulated at $16,294.00. From the date of the initial divorce decree, Mr. Anspach's annual income increased by $8,780.00 and Mrs. Anspach's annual income increased by $5,062.00.
 {¶ 21} "No probative evidence was presented regarding the relative earning ability of James Anspach. Penny Anspach testified that as a result of her multiple sclerosis her ability to work a 40 hour week was affected and that her cognitive abilities were limited.
 {¶ 22} "It would appear that James Anspach's birthdate is 10/4/55 and Penny Anspach's birthdate is 6/16/59. Penny Anspach was diagnosed with multiple sclerosis in 1996 and has physical and cognitive limitations. James Anspach testified that he had low blood pressure and emphysema, but no medical evidence was presented in support of that testimony.
 {¶ 23} "No evidence was presented that the retirement benefits of the parties had changed since the initial divorce decree.
 {¶ 24} " * * *
 {¶ 25} "Neither party is the custodian of a minor child. The mental limitations of the parties' adult daughter Lindsay do not preclude Penny Anspach from working; although[,] as detailed above, her health does present some problems. *Page 7 
 {¶ 26} "Neither party appears to be currently living at the standard of living established by the parties during the marriage.
 {¶ 27} " * * *
 {¶ 28} "Both parties have had to file for bankruptcy since the divorce. James Anspach has taken on increased expenses and liabilities as a result of his re-marriage. Penny Anspach has not significantly increased her expenses or liabilities since the divorce.
 {¶ 29} "* * *
 {¶ 30} "Both parties presented evidence of their claimed living expenses. Both parties included expenses for which they were not legally responsible; e.g. James Anspach included expenses for his step-children; Penny Anspach included expenses for the parties' adult daughter Laurel.
 {¶ 31} "It is this Court's determination that there has been a change in circumstances since the parties' divorce and the initial order that James Anspach pay spousal support in the amount of $700.00 per month. It is also this court's determination that the change in circumstances is not substantial enough to warrant modification of the Court's spousal support order."
 {¶ 32} As is clear from the foregoing colloquy, the trial court independently considered and determined the applicable statutory factors before adopting the magistrate's decision. Our review of the transcript reveals there was competent, credible evidence to support the trial court's findings.
 {¶ 33} Furthermore, unlike the appellant in Tsai v. Tien,162 Ohio App.3d 89, 2005-Ohio-3520, on which James relies, there is no evidence that the trial court's reference to a "substantial change in circumstances" in its judgment entry applied to the threshold jurisdictional question. Although it was perhaps an inartful way of expressing *Page 8 
the court's findings, it is clear that in the court's view, after its consideration and balancing of the applicable factors contained in R.C.3105.18(C)(1), the changed circumstances which existed did not warrant granting James' petition to modify spousal support. This is particularly true where the magistrate's conclusions of law state that "[t]here has been a change in circumstances of both parties' economic circumstances, [but it] does not warrant [a] modification or reduction of Mr. Anspach's spousal support obligation."
 {¶ 34} "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts to determine." Mauser v.Mauser, 11th Dist. No. 2000-P-0039, 2001 Ohio App. LEXIS 3281, at *9 (citations omitted). Based upon our review of the evidence presented, we cannot conclude the trial court abused its discretion by denying James' motion to modify spousal support.
 {¶ 35} James' sole assignment of error is without merit.
 {¶ 36} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1