OPINION
{¶ 1} Defendant Joel D. Clendening appeals a judgment of the Court of Common Pleas, Domestic Relations Division, which determined the parties' separate property and divided the marital property between appellant and plaintiff-appellee Marilyn Clendening. The court had earlier granted a divorce, and the parties had agreed on other issues. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AWARD SPOUSAL SUPPORT TO APPELLANT."
 {¶ 3} "II. THE TRIAL COURT'S CLASSIFICATION OF THE MARITAL RESIDENCE AS APPELLEE'S SEPARATE PROPERTY WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} The trial court made findings of fact and conclusions of law. The court found appellee wife was 51 years of age at the time of the hearing, and a licensed medical doctor. She is part owner of the North Canton Family Physicians, Inc., a small family medical practice. The parties stipulated the marital value of appellee's interest in the medical corporation was $38,634.
 {¶ 5} Appellant husband was 51 years old and was formerly employed as Director of Systems and Service Marketing for Diebold, Inc. in Canton, Ohio. The court found appellant voluntarily left his employment at Diebold in 1992 and has not been employed for the past 12 years. When appellant was employed, he was earning in excess of $80,000 per year, while appellee's income has averaged slightly over $105,000 per year.
 {¶ 6} During the marriage, the parties resided in a home owned by appellee prior to the marriage. The court found the fair market value of the home at the time of the marriage was $115,000 with an outstanding mortgage of $108,000. The court found the current fair market value of the home was $192,000, and it carried an indebtedness of nearly $123,000.
 {¶ 7} The court found appellee owns a 50% interest in the North Canton Family Practice Real Estate Partnership, with a stipulated value of $145,064. The court found appellee's vehicle was worth $13,690. Appellant's vehicle has a value of slightly over $10,000. The court found appellant's vehicle was paid off and the indebtedness placed on the parties' General Motors Credit Card, which, at the time of the hearing, had an outstanding balance of $14,700.
 {¶ 8} The court listed appellant's property, including an IRA and the value of his pension at a total of approximately $62,800. The court found appellee's property totaled over $193,000. The court found appellant had expended over $17,000 of marital assets during the pendency of the divorce, including cash on hand withdrawn from the parties' joint checking account. In addition to the GM credit card debt, the parties had a second credit card debt of some $24,000.
 {¶ 9} The trial court found the marital home was appellee's separate property. The court ordered appellant to pay off the GM indebtedness within 60 days. The court awarded appellee her interest in the North Canton Family Practice Real Estate Partnership and the North Canton Family Physicians, Inc., free and clear of any claim of appellant. Each party was to retain the assets the court listed, except that appellant would receive $141,405 from appellee's interest in the North Canton Family Physicians, Inc. profit sharing plan.
 {¶ 10} Appellee was to be responsible for the outstanding mortgage indebtedness on the home, but each party was to pay one-half of the MBNA credit card indebtedness within 60 days of the entry.
 {¶ 11} The trial court found spousal support was not appropriate or reasonable, finding "* * * husband voluntarily chose to be unemployed for the past twelve years, allowing his wife to support him while he stayed home without any desire to contribute financially to the marriage." The court found husband was voluntarily unemployed, but did not calculate a wage to impute to him, apparently using his former salary from twelve years previously, instead. The court did not retain jurisdiction over spousal support.
 {¶ 12} Appellee was ordered to supply appellant with Cobra forms for health insurance, but it appears this was not available to appellant because of the size of appellee's corporation. Each party was to pay their own attorney fees and costs within thirty days of the final entry.
 I {¶ 13} In his first assignment of error, appellant urges the court erred in not granting spousal support and not retaining jurisdiction over the matter.
 {¶ 14} In general, the Ohio Supreme Court has directed us to apply the abuse of discretion standard when we review a trial court's determination in a domestic relations case, Booth v. Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable specifically to cases involving spousal support in Blakemore v. Blakemore
(1983), 5 Ohio St. 3d 217. The Supreme Court applied the abuse of discretion standard to property divisions in Martin v. Martin (1985),18 Ohio St.3d 292. The Supreme Court has defined abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Blakemore, supra at 219.
 {¶ 15} Noticeably missing from the trial court's findings of fact and conclusions of law is any reference to appellant's health. The parties apparently agree appellant's cervical disc disease is extensive, and appellant had what appears to be an only partially successful surgery. Appellant testified this has caused a lack of dexterity which compromises his ability to perform day-to-day tasks, and he may need to undergo further surgery. Appellant also testified he has been tentatively diagnosed with Parkinson's disease, although he had not followed up with further medical diagnosis and treatment.
 {¶ 16} A trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume the evidence was not considered, Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. The statute directs the court to consider all fourteen factors, and a reviewing court will presume the trial court did so absent evidence to the contrary, Cherry v. Cherry (1981)66 Ohio St.2d 348. The court must only set forth sufficient detail to enable a reviewing court to determine the appropriateness of the award,Kaechele v. Kaechele (1988), 35 Ohio St.3d 93.
 {¶ 17} Here the trial court made no finding regarding appellant's earning capacity. Ohio courts have determined earning ability involves both the amount of money a party is capable of earning by his or her qualifications, and also his or her ability to obtain such employment, see, e.g., Carroll v. Carroll, Delaware App. No. 2004-CAF-05035,2004-Ohio-6710, citations deleted.
 {¶ 18} In addition, the issue of appellant's health has a direct impact upon the trial court's consideration of his voluntary unemployment and potential earning capacity. Both the relative earning capacity and the health of the parties are statutory factors the court must consider. Because the court made no findings relative to either of these factors, it gave this court no basis for reviewing its decision.
 {¶ 19} The Supreme Court has also held the factors set forth in R.C.3105.18 give a trial court broad discretion in awarding spousal support based on the payor's ability to pay and the payee's need. The court found, however, the trial court should not consider marital misconduct in awarding spousal support because, "* * * this statutory scheme does not allow a court to fine, penalize, or reward either party at the time of the divorce decree." Kunkle v. Kunkle, (1990), 51 Ohio St.3d 64. The court noted neither party should make a profit at the expense of the other, but rather the goal is to reach an equitable result, Id.
 {¶ 20} Because the trial court failed to make findings on the central issues of appellant's earning potential, and inextricably, his health, this court cannot conduct a meaningful review of the court's conclusion not to award spousal support.
 {¶ 21} Likewise, we find the court abused its discretion in not retaining jurisdiction over the issue of spousal support when the parties agree appellant has one potentially disabling disease, and may in the future develop a second serious disorder.
 {¶ 22} The first assignment of error is sustained.
 II {¶ 23} In his second assignment of error, appellant argues the court erred in awarding appellee the home as her separate property.
 {¶ 24} The court found the home had appreciated nearly $80,000 during the marriage. However, the trial court did not determine how much this is due to passive market appreciation, and how much may be in part attributable to modifications the parties may have made to the home. Without such a finding, the trial court could not assess whether any of the appreciation in the home's value was a marital asset, and this court cannot review the court's decision.
 {¶ 25} The second assignment of error is sustained.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., and Hoffman, J., concur;
Edwards, J., concurs in part; dissents in part