OPINION
{¶ 1} Appellant, Patricia A. Welch, appeals from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, denying her motion to modify spousal support.
 {¶ 2} The parties were granted legal separation on March 30, 1999. In its final order for legal separation, appellee, Lynn L. Welch, was ordered to pay appellant the sum of $1,000 per month in spousal support with a reservation of jurisdiction as to modification of the same. Spousal support was to terminate upon the death of either party, or appellant entering a status equivalent to marriage. In interest of equalizing the property distribution, the separation order also required appellee to grant appellant a mortgage on the industrial lots of his business, the Miscellaneous Barn, in the sum of $204,000 with simple interest of 10% per annum on the unpaid balance until paid. The mortgage required appellee to pay $1,000 per month commencing on January 1, 1999 with the balance to be paid in full, without pre-payment penalty, on or before January 1, 2004.
 {¶ 3} On August 1, 2001, appellee filed for divorce from appellant which was granted on September 27, 2002. On February 6, 2004 appellant filed an emergency motion to modify spousal support and on May 6, 2004, she filed a motion to modify spousal support. A hearing on the motions occurred on March 21 and 25, 2005. After considering the evidence, the trial court denied appellant's motions pursuant to its August 10, 2005 judgment entry. Appellant now appeals and asserts two errors for our consideration:
 {¶ 4} "[1.] The trial court erred in failing to apply the proper standard to determine if spousal support should be modified.
 {¶ 5} "[2.] The trial court erred in finding that there was no change in circumstances and in failing to modify the spousal support."
 {¶ 6} Appellant's two assigned errors are sufficiently related and we shall therefore address them together.
 {¶ 7} R.C. 3105.18 governs spousal support determinations. The Supreme Court has held the factors set forth in R.C. 3105.18 give a trial court broad discretion in awarding spousal support based on the payor's ability to pay and the payee's need. Kunkle v. Kunkle (1990),51 Ohio St.3d 64; see, also, Clendening v. Clendening, 5th Dist. No. 2005CA00086, 2005-Ohio-6298, at ¶ 19. Hence, a trial court's decision will not be disturbed save an abuse of discretion, i.e., where the court's determination is unreasonable, arbitrary or unconscionable.Tremaine v. Tremaine (1996), 111 Ohio App.3d 703, 706.
 {¶ 8} According to R.C. 3105.18(E), a trial court may not modify an award of spousal support in a decree of separation unless the circumstances of either party have changed and the decree specifically contains a jurisdictional reservation authorizing the modification. See,Wantz v. Wantz (Mar. 23, 2001), 11th Dist. No. 99-G-2258,2001 Ohio App. LEXIS 1386, *4. A change in circumstances is defined as, but is not limited to "any increase or involuntary decease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).
 {¶ 9} If a court determines a change of circumstances exists, the moving party must still show the current support award is no longer appropriate and reasonable. See, R.C. 3105.18(C); see, also, Reveal v.Reveal, 154 Ohio App.3d 758, 2003-Ohio-5335, at ¶ 14. In rendering its ultimate determination, a court "re-examines the existing award in light of the changed circumstances." Gallo v. Gallo, 11th Dist. No. 2004-L-193, 2006-Ohio-873, at ¶ 17. It bears noting that a trial court need not recognize all evidence relative to each factor listed in R.C. 3105.18(C) and we may not assume evidence not discussed in the judgment entry was not considered. Clendening, supra, at ¶ 16
 {¶ 10} Appellant first contends the trial court erred in determining that a "substantial" change of circumstances must be established prior to modifying a spousal support order. Appellant's point is well taken. To wit, in Buchal v. Buchal, 11th Dist. No. 2005-L-095, 2006-Ohio-3879, this court recently remarked: "a finding of a 'significant' or `substantial` change of circumstances is neither necessary nor sufficient to support a modification of a spousal award pursuant to R.C. 3105.18(E)." Id. at ¶ 14. Accordingly, a change of circumstances need not be "substantial" in order to justify modification of spousal support. However, an error of this sort is only reversible if the record demonstrates the trial court abused its discretion in arriving at its conclusion. That is, "if, after observing the proper legal requirements, the record demonstrates the trial court's decision was reasonable in light of the evidence, we have no choice but to affirm its decision." Id. Given the state of the evidence and the conclusions drawn therefrom, we hold the trial court's error was harmless.
 {¶ 11} Next, appellant argues the trial court erred by basing its change of circumstances inquiry from the date of divorce, September 27, 2002, rather than the date of the final order of legal separation, March 30, 1999. Specifically, the legal separation order contained the original spousal support order. Accordingly, appellant concludes the change of circumstances inquiry must be measured from the date of the order, rather than the date of the final divorce decree. We disagree.
 {¶ 12} The record indicates the spousal support award has remained the same since the March 30, 1999 final order of separation. If at any time between March 30, 1999 and September 27, 2002, appellant believed a change of circumstances had occurred sufficient to justify a modification of spousal support, she could have so moved the court. Appellant sought no such modification. It follows, therefore, that no change of circumstances occurred during the interceding period between the separation order and the divorce order. In short, because appellant did not argue circumstances had changed between the legal separation order and the divorce decree, we can assume there was no change. Consequently, the trial court did not err in measuring the circumstances from the date of the divorce decree rather than the date of the separation order.
 {¶ 13} Appellant next argues that the trial court erred in failing to find a change of circumstances justifying a modification of the spousal support order.
 {¶ 14} Here, the trial court determined no change of circumstances had occurred.[1] The trial court specifically observed that appellant's income at the time of the hearing was almost identical to her income in June 18, 2002. The court further noted, and appellant conceded, her expenses had changed little since the date of the divorce (less than $60 per month). Furthermore, in denying appellant's motion for modification of spousal support, the trial court determined the existing spousal support award remained appropriate and reasonable under R.C. 3105.18(C)(1). Specifically, the trial court considered the income of the parties and concluded appellant's total income was $19,728 and appellee's income in 2004 was $22,379. R.C. 3105.18.(C)(1)(a). In considering the relative earning ability of the parties, the court observed appellant has been and evidently remained a homemaker at the time of the hearing. The court concluded appellee's health had deteriorated in recent years, he had significantly reduced the inventory of his business, and "[h]is peak earning years are behind him." R.C. 3105.18.(C)(1)(b). In considering the ages, physical, mental and emotional condition of the parties, the court noted both parties were 69 years old at the time of the hearing. While appellant is in satisfactory health, the court noted appellee had serious health problems including a stroke in 2002, back surgery, a blood clot in his brain, and memory loss. R.C. 3105.18.(C)(1)(c). The court next considered retirement benefits of the parties, noting appellee had an IRA of $10,318.17 as of December 31, 2004 and received $1,354 in social security per month. Wife, alternatively received social security in the sum of $644.00 per month. R.C. 3105.18.(C)(1)(d). The parties were married for 42 years, had no minor children, and lived a modest middle class lifestyle. R.C. 3105.18.(C)(1)(e)-(g).
 {¶ 15} Finally, the court considered the relative assets and liabilities of the parties pursuant to R.C. 3105.18.(C)(1)(i) and observed:
 {¶ 16} "[T]he property of the parties was divided pursuant to a separation agreement filed with their decree of legal separation on March 30, 1999 as Exhibit B. This separation agreement was a two page handwritten document, signed by the parties and their attorneys. In the decree of legal separation filed March 30 1999, Wife was to retain the marital home and barn at 240 Mantle Road. The marital house was an older dwelling in need of some repairs. However, the trial testimony of both parties revealed an exchange of property between themsubsequent to the decree of legal separation and outside of the judicial process. (Emphasis added). Wife transferred her interest in the real estate at 240 Mantle Road to Husband in exchange for Husband building Wife a condominium in the amount of $104,674.00. Wife moved into her condominium in early 2000. Wife does not have a monthly mortgage payment. She also received $5,000.00 in cash from Husband as part of this transaction. Wife further received $144,000.00 from Husband on January 1, 2004 as and for a property equalization payment set forth in the decree of legal separation.
 {¶ 17} With respect to liabilities, the court pointed out that appellee pays $850.00 per month ($10,200.00 per year) towards a mortgage secured by appellant's condominium. Further, the court found that "[e]ven though wife pays for medical insurance * * *, such occurrence was anticipated by the parties in their decree of legal separation and therefore outside of the scope of R.C. 3105.18(F)."
 {¶ 18} Appellant submitted multiple account statements and canceled checks (as exhibits) from appellee's personal and business accounts. After reviewing the substance of the exhibits, the court concluded that appellant failed to provide proof, pursuant to R.C. 3105.18(F), that appellee had experienced any specific increase in wages between the time of the divorce and the time of the motion to modify.
 {¶ 19} In light of these findings, appellant maintains the trial court abused its discretion in failing to modify appellee's spousal support obligation. In particular, appellant contends the trial court erred in determining appellee pays appellant's mortgage of $850 per month. Appellant notes that although her residence was purchased by appellee,he took out a mortgage of $850 per month on the new residence. In appellant's view, she did appellee a "favor" by "carrying his paper for this transaction." While appellant's argument is factually accurate, it is undisputed appellee purchased appellant's new residence. Although the mortgage in question may benefit appellee, this does not change the fact that appellant has no house payment and appellee has incurred an expense which is the functional equivalent of the same.
 {¶ 20} Appellant also asserts the trial court erred when it concluded appellee received $1,354 in social security per month in 2004. Appellant asserts appellee's 2004 tax return indicates that his social security is $1,587 per month. We do not believe appellant's assertion is supported by the evidence. The court heard testimony from Kathleen Miller, appellee's accountant, that his social security was in the amount of $1,354. Appellee's 2004 tax return indicates he received a total of $17,074 in social security during 2004. However, Ms. Miller testified that amount includes medicare payments which was "over $800" per year. Subtracting the medicare amount from the social security total yields $16,274. When this amount is divided by 12, the amount of social security received is $1356.17, merely $2.17 more than the amount testified to by Ms. Miller. We believe this to be a de minimus, and therefore a harmless, deviation.
 {¶ 21} Next appellant asserts the court failed to take into account appellee's social security income when considering his overall adjusted gross income. We disagree. The August 10, 2005 judgment entry indicates the trial court considered each party's relative social security benefits under R.C. 3105.18(C)(1)(a), i.e., under the heading "income of the parties from all sources." To the extent the trial court considered the social security as some mode of "income," it did not fail to account for the amounts.
 {¶ 22} With respect to her current income, appellant avers she receives $1,622 per month while her expenses, according to her affidavit are $2,143.17. As such, appellant is $500 short of meeting her expenses. In appellant's view, appellee is capable of affording this additional amount because (1) he testified he intends to make more money through the expansion of his business; (2) he keeps a certain undisclosed amount of cash "on hand;" (3) receives natural gas free; and (4) his live-in girlfriend, Violet Tedeschi, pays for various household expenses including cable, telephone, and groceries. While these points are supported by witness testimony, appellant fails to give due weight to appellee's income and expenses. Specifically, the evidence indicates that appellee's monthly income is $10,594; however, his monthly expenses (both business and personal) are $14,358. Although appellant receives assistance from Tedeschi to help recoup some of his current monthly losses, at the time of trial, he was nevertheless over $3,700 short of meeting his monthly expenses. Appellant accurately observes "[t]here is a dramatic difference between Appellant's $19,728 per year and Appellee's $127,128 per year." However, there is also a dramatic disparity between the amounts each party is "in the red" at the end of each month.
 {¶ 23} It is worth pointing out that while the $1,000 per month payment for the property settlement ceased in December 2003 pursuant to the 1999 final order of separation, evidence indicated appellant received a final balloon payment of $144,000 to satisfy the obligation. Appellant testified she paid various debts with the money and invested a large portion. While it appears appellant is not necessarily using this money to meet her monthly expenses, such is her choice.
 {¶ 24} Further, pursuant to the specific terms of the property settlement, the $1,000 per month being paid on the property settlement was specifically scheduled to end in December 2003. The property settlement was structured and freely negotiated by the parties and their counsel. Although appellant testified that at the time of the final order of separation, she was receiving $2,000 in spousal support, this is inaccurate. The final order of separation provided appellant would receive $1,000 in spousal support per month and $1,000 per month towards payment of the property settlement of $204,000. The order indicated the entirety of the property settlement was to be paid by appellee on or before January 1, 2004. Accordingly, although appellant was receiving $2,000 per month, half of that amount was payment toward the $204,000 property settlement. Had appellant wished to receive $2,000 per month in spousal support rather than $1,000 per month, such a figure could have been freely negotiated. She did not do so; however, she may not, after receiving what appears to be the benefit of her negotiations, re-classify the nature and terms of the original agreement.
 {¶ 25} After reviewing the evidence in its entirety, it seems both parties are experiencing some difficulty meeting their monthly expenses. Based on appellee's ability to pay and the appellant's need, the evidence does not support the conclusion that an upward modification in spousal support is reasonable and appropriate. Accordingly, we hold the trial court did not abuse its discretion
 {¶ 26} Finally, appellant alleges the trial court erred in not awarding attorneys fees in her favor. She asserts appellee's legal fees were $529 per month while her fees, at the time of the hearing, $859 per month. Appellant contends:
 {¶ 27} "[her] attorney fees were higher, largely due to lack of cooperation from appellee in discovery and the extensive territory which had to be covered due to his conflicting testimony. Appellant was required to respond to an appeal which had no basis at law [because it was not a final appealable order] and for the foreclosure action which was filed to obtain the balance of the property settlement which remains unpaid."
 {¶ 28} Appellant's figures, while perhaps mathematically proper, seem to include matters distinct from the proceedings below. The response to a notice of appeal based upon an order which was not final did not occur as a result of appellant's motion to modify; moreover, appellant's foreclosure action was filed in the General Division of the Court of Common Pleas and is a matter entirely separate from the motion for modification. That aside, given the nature of the evidence and the considerations set forth in the body of this opinion, we do not believe the trial court abused its discretion in requiring each party to pay their own attorneys fees.
 {¶ 29} Appellant's two assignments of error are overruled.
 {¶ 30} For the reasons set forth above, appellant's assigned errors are not well taken and the judgment of the Lake County Court of Common Pleas, Division of Domestic Relations is therefore affirmed.
[1] The trial court specifically determined no significant change of circumstances had occurred between the divorce decree and the time of the hearing on the motion for modification. As indicated above, the change need not be significant. Thus, our review will center upon the proper standard without deference to the trial court's nominally heightened standard.