OPINION
{¶ 1} Margaret A. Kracker ("Plaintiff") and Ronald E. Kracker ("Defendant") separately appeal from the judgment entry of divorce issued by the Stark County Court of Common Pleas, Family Court Division, which granted indefinite spousal support to Plaintiff from Defendant in the amount of $550 a month. For the reasons set forth below, we affirm.
 {¶ 2} The record reveals that the parties were married for 34 years, both parties are approximately 60 years of age, and three sons were born as issue of the marriage, all of whom are emancipated. Plaintiff was a career homemaker during most of the marriage. Defendant was employed with AT T for nearly 36 years and retired in 2006.
 {¶ 3} The trial court issued its final decree of divorce on September 18, 2007 which incorporated the parties' separation agreement and provided for an equitable division of property. Per the agreement, each party received nearly $346,000 in assets, including pension accounts. Plaintiff also requested spousal support pursuant to R.C. 3105.18. The parties submitted the issue to the trial court for determination.
 {¶ 4} On September 18, 2007, the trial court granted Plaintiff spousal support in the amount of $550.00 per month, agreeing with the magistrate's findings, which stated: "The amount of spousal support is appropriate and reasonable for the following reasons: Defendant's investment income likely will be significantly greater than Plaintiff's investment income; Defendant's earning ability is significantly greater than Plaintiff's earning ability; Defendant's Social Security Benefits at age 62 are 50% greater than Plaintiff's Social Security Benefits at age 62; the parties' marriage is nearly thirty-four years in length; the standard of living established during the marriage will not *Page 3 
be maintained; Plaintiff will incur $527.00 per month in health care expenses if she elects coverage; it will take a significant amount of time and expense for Plaintiff to acquire education, training or job experience to become qualified to obtain appropriate employment; and Plaintiff's lost income production capacity which resulted from her marital responsibilities. See, Magistrate's Decision of July 5, 2007, pp. 6-7.
 {¶ 5} The Defendant appeals raising the following Assignment of Error:
 {¶ 6} "I. THE COURT ERRED IN REQUIRING THE APPELLANT TO PAY SPOUSAL SUPPORT TO THE APPELLEE.
 {¶ 7} The Plaintiff cross-appeals raising the following Assignment of Error:
 {¶ 8} "I. APPELLEE/CROSS APPELLANT ARGUES THAT THE MAGISTRATE ABUSED HIS DISCRETION IN THAT THE AMOUNT OF THE SPOUSAL SUPPORT WAS INADEQUATE TO MEET HER NEEDS.
 I., II. {¶ 9} We will simultaneously address the parties' assignments of error as both challenge the trial court's decision on spousal support.
 {¶ 10} We begin our analysis with a brief overview of the purpose of spousal support in divorce cases and the applicable statutory provisions. Spousal support is property set aside for the specific and definite purpose of supporting and maintaining the former spouse. The obligation to support a spouse is based on the marriage contract and on R.C. 3103.03, which requires a married person to support his or her spouse. Awards of spousal support are not limited to meeting the needs of the requestor; rather current Ohio law directs the trial court to use a broad standard in *Page 4 
determining whether support is reasonable and appropriate. See generally, Sowald and Morganstern, Domestic Relations Law, 4th Ed., § 13:8 (2002).
 {¶ 11} Pursuant to R.C. 3105.18(B), a trial court may award reasonable spousal support to either party upon request and after the court determines the division or disbursement of property under R.C. 3105.171.
 {¶ 12} In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, R.C. 3105.18(C)(1) directs the trial court to consider all fourteen factors set forth therein:
 {¶ 13} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3101.171 of the Revised Code;
 {¶ 14} "(b) The relative earning abilities of the parties;
 {¶ 15} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 16} "(d) The retirement benefits of the parties;
 {¶ 17} "(e) The duration of the marriage;
 {¶ 18} "(f) The extent to which is would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 19} "(g) The standard of living of the parties established during the marriage;
 {¶ 20} "(h) The relative extent of education of the parties; *Page 5 
 {¶ 21} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 22} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 23} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 24} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 25} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 26} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 27} In addition, R.C. 3105.18(C)(2) states that in determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.
 {¶ 28} Trial courts must consider all of the factors listed in R.C. 3105.18(C), however, this Court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume the evidence was not considered. Clendening v. Clendening, Stark App. *Page 6 
No. 2005CA00086, 2005-Ohio-6298, at ¶ 16, citing Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. The trial court must only set forth sufficient detail to enable a reviewing court to determine the appropriateness of the award. Id., citing Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 518 N.E.2d 1197.
 {¶ 29} We further note an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178, 181. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A reviewing court may not substitute its judgment for that of the trial court unless, considering the totality of circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131.
 {¶ 30} Turning now the parties' assignments of error, Defendant contends it is unfair to award spousal support when the parties have equally divided their assets and he will be forced to use part of his assets to pay spousal support. Defendant cites no legal authority to support his position.
 {¶ 31} On the other hand, Plaintiff contends the trial court properly awarded spousal support pursuant to the factors set forth in R.C. 3105.18(C) and the Ohio Supreme Court's holding in Kunkle v.Kunkle, (1990) 51 Ohio St.3d 64, 554 N.E.2d 83. In Kunkle, the Ohio Supreme Court held, at paragraph one of the syllabus: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an *Page 7 
award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
 {¶ 32} Based upon the authority of Kunkle and the facts of this case, we find the trial court did not abuse its discretion in awarding indefinite spousal support to Plaintiff. This was a marriage of long duration (34 years), individuals of advanced age (60s), and the record reflects Plaintiff had little opportunity to develop more than part-time employment opportunities.
 {¶ 33} In her cross-appeal, Plaintiff contends the trial court erred in the amount of spousal support as it fails to cover the amount which she is required to pay her health needs. We disagree.
 {¶ 34} The record reflects Plaintiff's COBRA coverage cost for medical insurance was $527.00. The trial court awarded Plaintiff an additional $23 a month. We find this to an appropriate award in light of any additional cost Plaintiff may incur for monthly medication co-payments or as a result of any tax consequences to Plaintiff.
 {¶ 35} It is clear from the record that the trial court considered the factors enumerated in R.C. 3105.18(C) in determining if spousal support was appropriate. We find that the trial court's decision to award Plaintiff spousal support in the stated amount was not unreasonable, arbitrary or unconscionable.
 {¶ 36} Accordingly, we overrule both parties' assignments of error. *Page 8 
 {¶ 37} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
Delaney, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs assessed equally to Appellant and Cross-Appellant. *Page 1