[Cite as *Kohn v. Kohn*, 2025-Ohio-1052.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BARRY C. KOHN | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| PEGGY A. KOHN | : | Case No. 24 CAF 07 0047 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 17 DR B 09 0530

JUDGMENT:          Affirmed

DATE OF JUDGMENT:          March 25, 2025

APPEARANCES:

For Plaintiff-Appellant

ANDREW S. GROSSMAN
JOHN H. COUSINS IV
32 West Hoster Street
Suite 100
Columbus, OH  43215

For Defendant-Appellee

BARRY H. WOLINETZ
FRANK W. BUMB
250 Civic Center Drive
Suite 600
Columbus, OH  43215

*King, J.*

{¶ 1}  Plaintiff-Appellant, Barry C. Kohn ("husband"), appeals the July 1, 2024 judgment entry of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, denying his motion to modify or terminate spousal support. Defendant-Appellee is Peggy A. Kohn ("wife").  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties were married on September 17, 1988, and divorced on September 10, 2018, via an agreed judgment entry decree of divorce.  Each party received $3,447,802 in marital assets.  Husband agreed to pay wife $16,995 per month for spousal support.  The agreement states: "Spousal support shall terminate upon the earliest to occur of the following events: the death of either party, Defendant's remarriage, Defendant's cohabitation or further Order of the Court."  The agreement further states: "Spousal support shall be modifiable/terminable in the event of a change in circumstances.  The Parties agree that Plaintiff's retirement shall be a change of circumstance sufficient to warrant modification or termination by the Court."

{¶ 3}  At the time of the divorce, husband was 63 years old and wife was 65 years old.  Husband was employed by JR Technology Holdings, LLC.

{¶ 4}  After the sale of JR Technology in December 2019, husband received $20,000,000, netting $16,000,000 after taxes.  At the time of the divorce, husband retained the asset of JR Technology which was valued at $311,910.  In April 2022, husband permanently retired.

{¶ 5}  On October 28, 2022, husband filed a motion to modify or terminate spousal support.  Wife filed a motion to modify spousal support on March 20, 2023.  A hearing

before a magistrate was held on September 14, 2023. By decision filed November 22, 2023, the magistrate denied both motions, finding the current spousal support order "remains appropriate and reasonable."

{¶ 6} Husband filed objections. By judgment entry filed July 1, 2024, the trial court denied the objections and adopted the magistrate's decision.

{¶ 7} Husband filed an appeal with the following assignment of error:

I

{¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO MODIFY OR TERMINATE SPOUSAL SUPPORT WHEN IT WAS UNDISPUTED THAT APPELLANT WAS "FULLY RETIRED," THAT APPELLANT'S RETIREMENT WAS A "CHANGE IN CIRCUMSTANCES" WARRANTING EITHER "MODIFICATION OR TERMINATION BY THE COURT," AND THAT THE DECREE DID NOT AUTHORIZE THE COURT TO MAINTAIN A CERTAIN DIVISION OF THE PARTIES' TOTAL AFTER-TAX INCOME."

I

{¶ 9} In his sole assignment of error, husband claims the trial court abused its discretion in denying his motion to modify or terminate spousal support. We disagree.

{¶ 10} Appellate courts review decisions regarding modification of spousal support for abuse of discretion. *Waites v. Waites*, 2015-Ohio-2916, ¶ 15 (5th Dist.), quoting *Cox v. Cox,* 2015-Ohio-1660, ¶ 36-37 (10th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA*

*Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* We note the party seeking a modification of spousal support has the burden of establishing that a modification is warranted. *Brzozowski v. Brzozowski*, 2014-Ohio-4820, ¶ 20 (8th Dist.).

{¶ 11} R.C. 3105.18 governs spousal support. Subsection (E)(1) specifically states in pertinent part:

> [T]he court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and . . . [i]n the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 12} The agreed judgment entry decree of divorce specifically states: "[s]pousal support shall be modifiable/terminable in the event of a change in circumstances." The

parties agreed husband's retirement "shall be a change of circumstance sufficient to warrant modification or termination by the Court."

{¶ 13} But in order to modify or terminate spousal support, a change in circumstances must be substantial and make the existing award "no longer reasonable and appropriate" and the change in circumstances "was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was for[e]seeable." R.C. 3105.18(F)(1)(a) and (b). In order to determine if the original spousal support award remains "reasonable and appropriate" under the circumstances, a trial court's discretion "is not unlimited, but is to be guided by its consideration of the factors set forth in R.C. 3105.18(C)." *Anspach v. Anspach*, 2007-Ohio-5207, ¶ 16 (11th Dist.), citing *DeChristefero v. DeChristefero,* 2003-Ohio-2234, ¶ 15 (11th Dist.). "Thus, as long as a change in circumstances of any type exists, *and* there is evidence that the trial court considered the applicable factors of R.C. 3105.18(C), no abuse of discretion will be found." *Id.*; *see also Downs v. Downs*, 2015-Ohio-2481, ¶ 11 (5th Dist.), citing *Kucmanic v. Kucmanic,* 119 Ohio App.3d 609, 613 (8th Dist. 1997) (in considering a motion to modify spousal support, there is no express requirement that a trial court must "reexamine *in toto* the factors listed in R.C. 3105.18(C)(1) that apply to an initial determination of spousal support"); *Mizenko v. Mizenko*, 2001 WL 637563, *2 (8th Dist. June 7, 2001) (when considering a motion to modify a spousal support order, the trial court need only consider the R.C. 3105.18(C) factors which have actually changed since the last order).

{¶ 14} R.C. 3105.18(F)(2) states in part: "In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties."

{¶ 15} In his motion to modify or terminate spousal support, husband argued he was fully and permanently retired and per the terms of the agreed judgment entry decree of divorce, spousal support should terminate. A hearing was held before a magistrate on September 14, 2023. By decision filed November 22, 2023, the magistrate noted husband's retirement qualified as a sufficient change in circumstances to permit consideration of a modification or termination of spousal support. The magistrate then considered each of the following spousal support factors set forth in R.C. 3105.18(C)(1) to determine if the current spousal support order was still reasonable and appropriate:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 16} In considering the parties' relative incomes, the magistrate included their capital gains income; the magistrate also considered the current relative assets and liabilities of the parties. In denying husband's motion to modify or terminate spousal support, the magistrate concluded the following:

54. Based upon the parties' respective incomes at the time of divorce, the spousal support order resulted in an approximate after-tax income division of 55% to Barry and 45% to Peggy.

55. Based upon the current incomes of the parties, the spousal support order results in an approximate after-tax income division of 54% to Barry and 46% to Peggy.

56. The Court finds that, after consideration of all of the factors set forth in ORC 3105.18(C)(l), the support Order remains appropriate and reasonable.

{¶ 17} Husband filed objections on December 6, 2023, and supplemental objections on February 6, 2024. Pertinent to this appeal, he claimed the magistrate failed to consider "any purpose expressed in the initial order" under R.C. 3105.18(F)(2) cited above, arguing his retirement "was *required* to *guarantee* or *serve as an adequate ground* for the modification or termination of spousal support." (Emphasis in original.) He further claimed the magistrate erroneously considered the parties' capital gains income and the "approximate after-tax income division" which was not mentioned in the decree. He also challenged the magistrate's determination that his income at the time of the divorce was approximately $500,000.

{¶ 18} In its judgment entry filed July 1, 2024, the trial court reviewed the objections and denied each one. We do not find an abuse of discretion with the trial court's decision.

{¶ 19} First, the trial court found the magistrate acknowledged the spousal support provision in the agreed judgment entry decree of divorce regarding husband's retirement, but determined the language did not expressly guarantee the modification or termination of spousal support upon retirement. The provision specifically lists four causes for termination of spousal support: (1) the death of either party, (2) wife's remarriage, (3) wife's cohabitation, or (4) further order of the court. Husband's retirement was not a listed causation; it was not a "condition subsequent" to terminate spousal support. The parties merely agreed husband's retirement would qualify as a change of circumstance sufficient to warrant a trial court review to modify or terminate the spousal support order; that is the natural reading of the provision's language. The trial court was still required to perform an analysis as to whether the original spousal support award was "reasonable and appropriate." Had the parties intended for the act of husband's retirement to terminate spousal support, they could have added it as a fifth cause.

{¶ 20} Second, as to husband's arguments relative to the magistrate erroneously comparing the parties' "after-tax income division" at the time of the divorce and now, the trial court found the magistrate was permitted to consider this factor. Under R.C. 3105.18(C)(1)(a), the magistrate could consider the parties' relative income then and now in order to determine if the change in circumstances rendered the spousal support order unreasonable and inappropriate. R.C. 3105.18(F)(1)(a). Just because the parties did not include such a provision in their agreed judgment entry decree of divorce does not preclude the magistrate from considering it. Further, under R.C. 3105.18(C)(1)(n), a trial court may consider any other factor that is found to be relevant and equitable.

{¶ 21} As for the challenge to his income at the time of the divorce, husband testified during the modification hearing that his base salary was $300,000 with a regular recurring bonus; the bonus did not pay every year, but averaged $200,000. T. at 116. As found by the trial court, it was reasonable for the magistrate to rely on husband's most recent testimony on his past and current incomes.

{¶ 22} Lastly, the trial court found the magistrate properly considered husband's capital gains income. R.C. 3105.18(C)(1)(a) permits consideration of the parties' income "from all sources" including "income derived from property divided, disbursed, or distributed" which would encompass the distribution of husband's interest in J.R. Technology. As found by the trial court, husband's income "derived from his investments was income for tax purposes." Given husband's experience in managing financial matters, it is not unreasonable to conclude he will continue to have investment earnings. T. at 38, 68-70, 80-81, 92, 99-100, 106-107, 124-125. As noted by the trial court, if husband's investment income drastically changes, he can file another motion to modify the spousal support award.

{¶ 23} The trial court conducted an independent review and concluded the magistrate's decision was supported by sufficient, credible evidence and the magistrate appropriately applied the law to the facts of the case.

{¶ 24} Upon review, we find the trial court did not abuse its discretion in so finding. The trial court considered all the statutory factors and found the original spousal support award was still "reasonable and appropriate" in light of the change in circumstances (husband's retirement).

{¶ 25} The sole assignment of error is denied.

{¶ 26} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, is hereby affirmed.

By: King, J.

Baldwin, P.J. and

Hoffman, J. concur.